## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 25 2020, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Terry K. Hiestand
Hiestand Law Office, LLC
Chesterson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Property MD's Home
Improvement, LLC,

*Appellant-Plaintiff/Counterdefendant,*

v.

Anthony Grayson,

*Appellee-Defendant/Counterclaimant,*

and

Horizon Bank, N.A.,

*Appellee-Defendant*

February 25, 2020

Court of Appeals Case No.
19A-PL-1764

Appeal from the Porter Superior
Court

The Honorable Jeffrey W. Clymer,
Judge

Trial Court Cause No.
64D02-1509-PL-7829

**Crone, Judge.**

[1] Property MD's Home Improvement, LLC ("Property MD"), contracted with Anthony Grayson to perform some home repairs. Disputes arose, and Property MD filed a complaint against Grayson and his lender, Horizon Bank, N.A. ("Horizon"), to foreclose on a mechanic's lien and for unjust enrichment. Grayson filed a counterclaim alleging that Property MD had failed to comply with the Indiana Home Improvement Act ("the Act"). Pursuant to a joint stipulation, Horizon deposited $28,936 with the trial court clerk. After a bench trial, the court issued an eight-page order ruling that Grayson owed Property MD $13,297.62, to be paid from Horizon's deposit, under an unjust enrichment theory; that Property MD had violated the Act; that Property MD's lien was invalid; and that neither side was entitled to attorney's fees. Property MD filed a motion to correct error, which was denied.

[2] Property MD now appeals, arguing that the trial court erred in calculating damages and in failing to award it "the interest and attorney fees to which it was clearly entitled as the holder of a valid Mechanic's Lien." Appellant's Br. at 10. Because Grayson did not submit an appellee's brief, we may reverse the trial court's judgment if Property MD's brief presents a case of prima facie error. *Blankenship v. Duke*, 132 N.E.3d 410, 412-13 (Ind. Ct. App. 2019). It does not.[1] Property MD cites no legal authority in its disjointed argument

---

[1] Each of the paragraphs in Property MD's statement of the case and inappropriately argumentative statement of facts is numbered, and most of them contain only one sentence, all of which makes for tedious reading. They are substantially similar to the proposed findings that Property MD submitted to the trial court, which serve a different purpose than an appellate brief.

regarding damages, which improperly second-guesses the trial court's weighing of evidence and assessment of witness credibility. *See Keith v. State*, 127 N.E.3d 1221, 1231 (Ind. Ct. App. 2019) ("[I]t is an appellant's burden to develop his argument on the issues he presents and to support his argument with cogent reasoning, legal authority, and citations to the record on appeal.") (citing Ind. Appellate Rule 46(A)(8)(a)); *Estate of Henry v. Woods*, 77 N.E.3d 1200, 1204 (Ind. Ct. App. 2017) ("We do not reweigh the evidence nor do we assess witness credibility."). And Property MD's argument regarding interest and attorney's fees wholly fails to establish that its lien was valid.[2] Accordingly, we affirm.

[3] Affirmed.

May, J., and Pyle, J., concur.

---

[2] Property MD quotes from a statute and cites legal principles from several opinions but fails to actually apply any relevant law to the facts of this case.